```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
KAREN VANDER,                      :
                                   :
                 Plaintiff,        :
                                   :        09 Civ. 4526(LMM)
          v.                       :        MEMORANDUM AND ORDER
                                   :
EPANA NETWORKS, INC. AND TSM       :
CORPORATION                        :
                 Defendants.       :
                                   :
- - - - - - - - - - - - - - - - - X
```

McKENNA, D.J.

     This action arises from a dispute over an employment contract.  The Plaintiff Karen Vander alleges she is owed six months of severance compensation (and one month of salary) from Epana Networks, Inc ("Epana") and TSM Corporation ("TSM").  This Memorandum and Order addresses Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Passing no judgment on the merits of Plaintiff's claims, this Court holds that Plaintiff's claims must be dismissed in favor of arbitration.

I. Factual and Procedural Background

     On a 12(b)(6) motion for dismissal a court will take factual allegations in the Complaint as true.  "For purposes of reviewing the dismissal of a complaint for

failure to state a claim, we accept the complaint's factual allegations . . . as true." <u>Roth v. Jennings</u>, 489 F.3d 499, 501 (2d Cir. 2007).  Karen Vander was employed by Epana as a Logistical Operations Manager.  (Cmpl. ¶ 18.) On or about October 27, 2003, Vander and Epana entered into an Employment Agreement ("Employment Agreement").  (Cmpl. ¶ 17.)  The employment agreement did not provide for severance.  (Cmpl. Ex. A ¶ 7.)  However, the Employment Agreement provided for binding arbitration:

> The parties agree that any controversy, claim, or dispute arising out of or relating to this agreement, or the breach thereof, or arising out of or relating to the employment of the Employee, or the termination thereof, including any claims under federal, state, or local statutes or common law, shall be resolved by binding arbitration in New York, before a single arbitrator. . . .

(Cmpl. Ex. A ¶ 7.)

On or about July 7, 2007, Epana's President Shlomo Nimrodi presented Karen Vander with a written amendment to the Employment Agreement ("Amendment").  (Cmpl. Ex. B.) The Amendment provided for six months of severance in the event of termination and it required that Karen Vander agree to execute the "Company's standard executive non-

2

competition and confidentiality agreement." (Cmpl. Ex B. ¶¶ 4, 5.) The Employment Agreement was signed by Karen Vander but not by Epana. The Amendment to the Employment Agreement was not signed by either party. However, Karen Vander continued to work at Epana for a year following the presentation of the Amendment. On or around about July 29, 2009, Karen Vander was terminated without cause. (Cmpl. ¶ 28.)

On February 24, 2009, Karen Vander filed suit against Epana and TCM in the Supreme Court of New York. The suit was removed to this Court on diversity jurisdiction. Karen Vander alleges breach of express written contract, and violation of New York Labor Law under §§ 191 and 198. (Cmpl. ¶¶ 38, 44). The Plaintiff also seeks punitive damages on the basis of Defendants' bad faith. (Cmpl ¶¶ 47.)

II. Standard of Review

To avoid dismissal of claims under Fed. R. Civ. P. 12(b)(6) Plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, adequate pleadings must raise a right to relief above the speculative level. "[A] plaintiff's obligation to provide

3

the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

The Second Circuit has held, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'. . . '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Harris v. Mills, --- F.3d ----, No. 07-CV-2283, 2009 WL 1956176 (2d Cir. July 9, 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949—50 (2009)).

III. The Arbitration Provision

The threshold issue in this case is whether the arbitration provision in the Employment Agreement covers the claims in the Plaintiff's Complaint. If the arbitration clause covers the claims alleged then this Court must dismiss this case and direct the parties to proceed with arbitration.

Arbitration clauses in employment contracts (like that of Karen Vander) are governed by the Federal Arbitration Act ("FAA").[1]  9 U.S.C. § 1 et seq.  The Second Circuit has held that, the FAA represents "a strong federal policy favoring arbitration as an alternative means of dispute resolution." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004).  The FAA requires federal courts to uphold and enforce "privately made agreements to arbitrate" as they would any other contract.  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985).  Further, "[t]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir.1987) (citing Dean Witter, 470 U.S. at 218).

This Court holds that the arbitration agreement in the Employment Contract is binding on the parties.  When evaluating an arbitration provision a district court is to look at four elements:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine

---

[1] The FAA does not cover the employment contracts of transportation workers.  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).

5

>the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then determine whether to stay the balance of the proceedings pending arbitration.
>
>Genesco, 815 F.2d at 844 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985)).

All four elements outlined in Genesco mandate enforcement of the Employment Agreement's arbitration clause.

A. Parties Agreed to Mandatory Arbitration

The parties agreed to arbitrate disputes that arose under the Employment Agreement.  There are three bases for this finding.  First, the Employment Agreement containing the arbitration provision was signed by Vander.  In the Second Circuit a party can be bound by an arbitration clause even when they have not signed the employment contract containing the arbitration clause.  Brown v. St. Paul Travelers Companies, Inc., No. 08-cv-3311, 2009 WL

6

1740573, 1 (2d Cir. 2009) (holding that an employee was bound by an arbitration agreement contained in an employee handbook even though the employee did not remember signing the handbook); see also McAllister Bros., Inc. v. A & S Transp. Co., 621 F.2d 519, 524 (2d Cir.1980) ("established law of this circuit [holds] that a party may be bound by an agreement to arbitrate even in the absence of a signature.")  Karen Vander's signature on the Employment Agreement coupled with her continued work over the following five years renders the arbitration provision valid.

Second, the Complaint recognizes the enforceability of the Employment Agreement, "Ms. Vander and Epana entered into an agreement (the 'Original Agreement, Exhibit A)." (Cmpl. ¶ 17.)  The Plaintiff's Memoranda of Law in Opposition also acknowledges the validity of the Employment Agreement.  Opp. Mem. at 2.

Third, under principals of equitable estoppel a party will be bound by an arbitration provision when the party "knowingly exploits an agreement" containing an arbitration clause by receiving a "direct benefit" from it.  Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 779—79 (2d Cir. 1995).  In this case Karen Vander is attempting to gain the benefit of the Amendment to her Employment

7

Agreement by seeking severance benefits.  Karen Vander is bound by the arbitration clause.

B. The Arbitration Provision Covers the Claims

    The claims raised by Karen Vander fall under the scope of the arbitration provision.  "The federal policy favoring arbitration requires us to construe arbitration clauses as broadly as possible. '[D]oubts as to arbitrability should be 'resolved in favor of coverage. . .'"  <u>S.A. Mineracao Da Trindade-Samitri v. Utah Intern., Inc.</u>, 745 F.2d 190, 194 (2d Cir. 1984) (<u>quoting</u> <u>Wire Service Guild v. United Press International</u>, 623 F.2d 257, 260 (2d Cir. 1980) (citations omitted)); <u>see also</u> <u>White v. Cantor Fitzgerald, L.P.</u>, No. 07-cv-8006, 2008 WL 5429648, (S.D.N.Y. December 23, 2008).  The Plaintiff seeks enforcement of a provision in the Amendment to the Employment Contract.  Karen Vander's alleged right to severance arises only from the Employment Agreement and its Amendment.

C. There are no Federal Statutory Claims

    There are no Federal Statutory Claims in the Complaint.  This eliminates the third and forth issues outlined in <u>Genesco</u>.

D.  There was no Waver of the Arbitration Clause

The Plaintiff contends that the Defendants cannot compel arbitration because "[w]hen this case was removed to this Court, Defendants failed to compel arbitration. Rather, Defendants filed this motion to dismiss." Opp. Mem. at 10.  In essence the Plaintiff alleges that the Defendants have waived arbitration by failing to raise it until now.

In the Second Circuit there is a strong presumption in favor of arbitration.  JLM Indus., Inc., 387 F.3d at 171. However, in some select cases, "litigation of substantial material issues may amount to waiver."  Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995).  When a court is evaluating whether a waiver has occurred it is to look at, "the amount of litigation (usually exchanges of pleadings and discovery), the time elapsed from the commencement of litigation to the request for arbitration, and the proof of prejudice. . . . The proximity of a trial date when arbitration is sought is also relevant." Id. (citation omitted).  None of the factors outlined in Leadertex support finding the Defendants have waived their rights to arbitration.  This action commenced less then six months ago (February 24, 2009) in New York State Court.  It has been before this

9

Court since only May 12, 2009. The parties have only recently filed papers with regard to a motion to dismiss. There would be little prejudice to the parties to engage in mandatory arbitration particularly when, "any doubts concerning whether there has been a waiver are resolved in favor of arbitration." Id. (citation omitted).

V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss this action in favor of arbitration is GRANTED. The Parties are directed forthwith to proceed to arbitration. The case is dismissed without prejudice.

SO ORDERED.

Dated: August 3, 2009

Lawrence M. McKenna
U.S.D.J.